**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7537**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY REEP, a/k/a Dirty Harry, a/k/a Harry,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:02-cr-00217-RAJ-JEB-9)

Submitted: April 4, 2019                    Decided: April 10, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rodney Reep, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Reep appeals the district court's margin order denying his motion to unseal documents in his criminal case. We have reviewed the record and find no reversible error.[*] *See U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988) (observing that showing of "special need" is required to gain access to another's presentence report); *In re Siler*, 571 F.3d 604, 610 (6th Cir. 2009) ("[T]he common law right of access to court records does not cover the defendants' PSRs."); *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (reviewing denial of motion to unseal for abuse of discretion). Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Insofar as Reep now frames his motion as requesting the release of grand jury materials, we decline to consider the issue, as he did not fairly direct such a request to the district court in the first instance. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("Our settled rule is simple: absent exceptional circumstances, we do not consider issues raised for the first time on appeal." (alterations and internal quotation marks omitted)). Insofar as Reep's motion can be construed as seeking transcripts at government expense, we conclude that he fails to make the requisite showing. *See* 28 U.S.C. § 753(f) (2012).